IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICOLE YVETTE WINSTON        *
       Plaintiff,
     v.                                  *     CIVIL ACTION NO. PJM-16-1796

AIR FORCE REVIEW BOARDS AGENCY    *
       Defendant.
                                        *****

**MEMORANDUM OPINION**

On June 2, 2016, the Court received for filing the above-captioned Complaint filed by self-represented Plaintiff Nicole Yvette Winston, ("Ms. Winston") a resident of Fort Washington, Maryland. Ms. Winston sues the Air Force Review Board Agency ("AFRBA"), raising claims of constitutional rights violations,[1] violations of the Universal Declaration of Human Rights, violation of Article 19 of the Maryland Declaration of Rights, battery, harassment, conspiracy, harm to economic and dignitary interests, intentional infliction of emotional distress, tortious interferences with family relationships, and loss of consortium. ECF No. 1. She invokes this Court's federal question jurisdiction under § 1331 and seeks leave to proceed without prepayment of the filing fee.

Because Ms. Winston is proceeding as a self-represented litigant, the Court must liberally construe her Complaint allegations. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This Court, however, is not required to conjure up questions never squarely presented to it.[2] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets

---

[1] Ms. Winston cites to 42 U.S,.C, §§ 1981 1983, 1985 and 1986; the Fifth, Fourteenth, Fourth, First, Eighth, Sixth, and Ninth Amendments of the U.S. Constitution; and federal criminal and Maryland statutory code provisions. She seeks an injunction against "biological weapons. ECF No. 1.

[2] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a Complaint need not contain detailed allegations. The facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Ms. Winston has not paid the filing fee. Instead, she has filed a motion for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. Title 28 U.S.C. § 1915 and 1915A permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(l).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a self-represented litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' "). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Ms. Winston claims that she worked for the AFRBA on the Andrews Air Force Base as a law Clerk in 2001 and 2002 and was subject to "intimidation" She alleges she became ill and believes something was put in her coffee causing her to lose body mass and to experience body pains in the ensuing five years. ECF No. 1. She claims that her primary care physician "tried to convince me" that the conditions were psychological. Ms. Winston asserts that she was "blackballed" out of employment and that the purpose "of me being on the [Air Force Base] was to be set up for more harassment and harm. *Id*. She seeks special damages in the amount of $133,577.00, based upon a salary of $45,000.00 from March of 2002 to December of 2007. In her Prayer for Relief, however, Ms. Winston seeks "general (noneconomic) damages in the amount of $815,000.00." Ms. Winston claims that she resigned in 2007 "due to harassment, harm, and lack of suitable employment, liberty and due process issues as well as equal protection issues as provided under the law. *Id*.

Ms. Winston additionally states that for years after her employment at the AFRBA she was "underemployed" as a contract attorney, while being harassed or antagonized on different assignments. She maintains that this resulted in her filing for bankruptcy in 2006. She further contends that "the AFRBA, along with other government entities, are behind a massive conspiracy [of harassment] against me" involving incidents from 2006 to 2007, (apartment entry, theft from car, flat automobile tires, rude comments made and inappropriate actions taken by unidentified persons in private companies). *Id*.

An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

3

contentions are clearly baseless." *Id.* at 327.  Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2) (B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

Even when providing a generous review to the self-represented Complaint, *see, e.g.*, *Erikson v. Pardus*, 551 U.S. at 127, I find it proper to dismiss Ms. Winston's Complaint.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28.  The Court concludes that Ms. Winston has presented claims that are wholly speculative and nonsensical.  It is appropriate to dismiss her action under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim.[3]

The instant matter is subject to dismissal.  A separate order follows.

Date: July 6, 2016                                   /s/
                                                    PETER J. MESSITTE
                                                    UNITED STATES DISTRICT JUDGE

---

[3]  The claims raised by Ms. Winston against the AFRBA primarily occurred during 2001 and 2002.  While Court acknowledges her equitable tolling arguments, ECF No. 1, pp. 13-23, it nonetheless finds that her Complaint against the AFRBA is barred by the applicable statute of limitations.